IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HOLLEE A. USADEL,  Case No. 15-cv-1453-pp

    Claimant,

v.

CAROLYN W. COLVIN,

    Respondent.

**ORDER GRANTING CLAIMANT'S MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2)**

On December 4, 2015, Hollee Usadel, by her attorney, Howard D. Olinsky, filed a complaint for review of the final decision of the commissioner of the Social Security Administration. Dkt. No. 1. She also filed a motion to proceed *in forma pauperis*. Dkt. No. 2.

A district court may authorize a claimant to proceed *in forma pauperis*—meaning that she does not have to pre-pay the $400 filing fee to start a civil lawsuit—if the claimant submits an affidavit listing her assets, indicating that she is unable to pay the fees, and stating her believe that she is entitled to the relief she seeks. 28 U.S.C. §1915(a).

The claimant's Petition and Affidavit to Proceed Without Prepayment of Fees and/or Costs indicates that she is not married and that she provides all of the support for one daughter. Dkt. No. 2 at 2. Each month, the claimant receives $800 in income (the affidavit does not indicate what type of job the claimant has), $61 in public assistance, and $324 in child support. Id. This is

1

a total of $1,185 in monthly income. She owns a 2012 Mazda 6 worth $10,000, but owns no other assets. Id. at 3. The claimant has a checking account holding $10 as of the time of the filing, and a savings account holding $25. Id.

The claimant and her daughter reside in low-income housing and pay $58 in rent each month, which includes heat and water. Id. at 4. Other monthly expenses include: $300 for groceries, $40 for other utilities, $80 for a cell phone, $20 for clothing, $236 for the car payment, $60 for gas, $130 for car and life insurance, $200 for credit card payments, and $80 for other personal expenses. Id. at 4-5. This totals $1,204 in monthly expenses.

The application to proceed *in forma pauperis* contains a section that asks the claimant to describe "any other circumstances that [she] would like the court to consider when reviewing [her] request." Id. at 5. The claimant states, "I have no money after my bills are paid. Sometimes I need to go to the food pantry . . . because we do not have enough money to cover everything." Id.

A district court has the discretion to order a plaintiff to pay a portion of the filing fee, and to waive the remainder when it finds that the plaintiff cannot pay the full expenses but can pay part of it. See Longbehn v. United States, 169 F.3d 1082, 1083 (7th Cir. 1999). The claimant has monthly income of about $1,185 and monthly expenses of about $1,204. In this case, the information contained in the claimant's request, signed under the penalty of perjury, demonstrates that she does not have enough money to pay his monthly expenses, and so does not have the funds to waive the filing fee.

2

The next step is for the court to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)).

A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Circ. 2013).

In her complaint, the claimant asks this court to determine whether the Social Security Administration "committed error of law by denying Appeals Council review of the decision by the Administrative Law Judge," or whether it "den[ied] relief that was within the authority of the Appeals Council." Dkt. No. 1 at 2. She asserts that she is disabled and that the Administrative Law Judge did not support his "conclusions and findings of fact" with "substantial evidence," and that they "are contrary to law and regulation." Id. Although supported with very few facts, the court concludes that there may be a basis in law or fact for the claimant's appeal of the Commissioner's decision, and that

3

the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the claimant's motion to proceed *in forma pauperis* and **WAIVES** the filing fee (Dkt. No. 2).

Dated in Milwaukee, Wisconsin this 28th day of December, 2015.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge